PETER JOHNSON v. J. B. DEFORGE.[1]

May 7, 1895.

Nos. 9255—(94).

**Appeal—Judgment.**

    *Held,* that the findings of fact, conclusions of law, and order for judgment are merged in the judgment, and are immaterial, so far as they awarded the prevailing party any greater relief than the judgment awards him.

Appeal by plaintiff from a judgment of the district court for Ramsey county, entered upon findings by Egan, J. Affirmed.

*Oliver J. Cook,* for appellant.

*Herchmer Johnston* and *Robertson Howard,* for respondent.

CANTY, J. There is no merit in this appeal. Defendant kept in his warehouse, in store for plaintiff, certain personal property belonging to plaintiff, who brought replevin for the same, and, by the proper proceedings, took the same from defendant. Defendant, in his answer, alleged that he had transported these and other goods, and had stored these goods for plaintiff, who agreed to pay

[1] Reported in 63 N. W. 174.

him for all of his said services, and agreed that he should keep and retain these goods until plaintiff should pay him for all of the same, and that the reasonable value of all of his said services is $45.60, for which he claimed a lien, and demanded a return of the property. On the trial before the court without a jury, the court found for defendant for a return of the property, and found his special interest therein to be $40. Thereupon defendant entered up a money judgment for the recovery from plaintiff of the sum so found due him, and interest and costs, but not for a return of the property. From this judgment plaintiff appeals, and urges as grounds of reversal a number of reasons why the defendant is not entitled to a lien on the property or a return of the same. No settled case or bill of exceptions is made, and no other objection is made to the judgment. The questions raised are not now in the case. The findings of fact, conclusions of law, and order for judgment are merged in the judgment, and, so far as they awarded defendant any more relief than the judgment awards him, are not now material.

Judgment affirmed.